**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

MARQUITA DAVIS, individually and on behalf of all similarly situated individuals,

Plaintiff,

ASPIRE LIFESTYLES (AMERICAS) INC.,

Defendant.

Case No.: 1:24-cv-02343-CMH-WEF

**UNOPPOSED MOTION FOR SETTLEMENT APPROVAL**

Named Plaintiff Marquita Davis ("Named Plaintiff"), by and through undersigned counsel, hereby submits this Unopposed Motion for Settlement Approval. Named Plaintiff seeks approval of a Fair Labor Standards Act ("FLSA") collective action settlement under 29 U.S.C. § 216(b).[1] Defendant Aspire Lifestlyes (Americas) Inc. ("Defendant" and together with Named Plaintiff, the "Parties"). This Unopposed Motion is made, and the collective action certified, only as a condition of and for the purpose of the settlement reached between the Parties. In connection with this settlement, the Named Plaintiff respectfully moves the Court for the following:

1. An Order approving the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute over wages allegedly owed under the FLSA. The Settlement Agreement is binding on Named Plaintiff, all Participating Settlement Collective Members, and Defendant, as defined in the Settlement Agreement and this Order;

2. An Order conditionally certifying the following Collective for settlement purposes only under 29 U.S.C. § 216(b):

> *All current and former hourly Lifestyle Consultants, Lifestyle Concierges, Customer Service Representatives, or similar job titles whose primary job duty was*

---

[1] All capitalized terms herein adopt the definitions set forth in the Settlement Agreement.

*to handle inbound phone calls and complete research for members requesting personal services,*[2] *who worked for Defendant anywhere in the United States, at any time from December 23, 2021, through the date of Settlement Approval by the Court*;

3. An Order appointing Named Plaintiff, Marquita Davis, as the Collective Representative of the Collecitve and Johnson Becker, PLLC as Collective Counsel;

4. An Order approving the Collective Notice attached as Exhibit B to the Settlement Agreement to be distributed to all Collective Members;

5. An Order approving dissemination of the Collective Notice by First Class Mail, email, and text message to the Collective Members and that dissemination of the Collective Notice by First Class Mail, email, and text message constitutes the best notice practicable under the circumstances, including individual notice to all members of the Collective who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to the members of the Collective in full compliance with the requirements of 29 U.S.C. § 216(b) and comports with Due Process;

6. An Order appointing Simpluris as the Settlement Administrator and approving payment of its fees from the Gross Settlement Amount as stated in the Settlement Agreement;

7. An Order approving the $5,000.00 service award to Named Plaintiff for her service as Collective Representative, to be paid out of the Gross Settlement Amount as stated in the Settlement Agreement;

---

[2] These services include, among others, making dining reservations and arranging culinary experiences; providing creative gifting services; offering personal shopping and retail benefits; arranging fitness and lifestyle services (e.g. spa, wellness, personal trainers); arranging home services (pet sitting, lawn care, contractors); granting access to top restaurant and private chef experiences; curating dining guides; organizing travel packages; offering travel rewards and privileges; and providing access to sporting, entertainment, music, and fashion events.

8. An Order approving Collective Counsel's request for attorneys' fees of $100,000.00, equal to 1/3 of the Gross Settlement Amount, and to be paid from the Gross Settlement Amount as stated in the Settlement Agreement;

9. An Order approving Collective Counsel's reasonable costs in this matter in the amount of $7,660.04, to be paid from the Gross Settlement Amount as stated in the Settlement Agreement;

10. An Order directing Collective Counsel, Defendant's Counsel, and the Settlement Administrator to implement the Settlement Agreement in accordance with its terms;

11. An Order maintaining jurisdiction over the administration of the Settlement Agreement; and

12. An Order dismissing this matter with prejudice.

Dated: September 12, 2025

Respectfully submitted,

*/s/ Christopher P. Yakubisin*

Jacob R. Rusch (MN Bar No. 0391892)*
Zackary S. Kaylor (MN Bar No. 0400854)*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, MN 55101
T: (612) 436-1800
F: (612) 436-1801
jrusch@johnsonbecker.com
zkaylor@johnsonbecker.com

*Collective Counsel*

Michael G. Phelan (VSB No. 29725)
Christopher P. Yakubisin (VSB No. 91186)
**PHELAN PETTY, PLC**
3315 W. Broad Street
Richmond, Virginia 23230
T: 804-980-7100
F: 804-767-4601

mphelan@phelanpetty.com
cyakubisin@phelanpetty.com

*Local Counsel*

**Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of September, 2025, I filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/

Christopher P. Yakubisin, Esq.